UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

In Re:                                          Chapter 11

J.S. & F. Management, Inc.,                      Case No. 16-22011-rdd

      Debtor.

------------------------------------------------------------------X

## PLAN OF REORGANIZATION

J.S. & F. Management, Inc. ("JSF"), debtor and debtor-in-possession ("Debtor")
proposes the following plan of reorganization ("Plan") pursuant to Chapter 11 of Title 11 of the
United States Code, 11 U.S.C. Section 1121(a) (the "Bankruptcy Code").

### ARTICLE I
### Definitions

For purposes of this Plan, the following terms shall have the respective meanings
as hereinafter set forth (such meanings to be equally applicable to the singular and plural forms
of the terms defined, unless the context otherwise requires).  Capitalized terms used in this Plan
shall at all times refer to the terms as defined in this Article I.

1.01.    "Administrative Claim" means a claim for any cost or expense of administration of the
Chapter 11 Case allowed under Section 503(b) of the Bankruptcy Code including,
without limitation (i) any actual and necessary costs and expenses of preserving the
Debtor's estate and of operating the Debtor's business; (ii) all allowances of
compensation for legal or other professional services or reimbursement of costs and
expenses to the extent allowed by the Court under Sections 330, 331, 503 or 506(c) of
the Bankruptcy Code or otherwise allowed by the Court; and (iii) all fees and charges
assessed against the Debtor's estate pursuant to Section 1930 of Title 28, United States
Code.

1.02.    "Allowed Administrative Claim" means all or that portion of any Administrative
Claim which is an Allowed Claim.

1.03.    "Allowed Claim" means a Claim or portion of a Claim (i) which is scheduled by the
Debtor pursuant to Sections 521(1) of the Bankruptcy Code, other than a Claim which
is scheduled by the Debtor as disputed, contingent or unliquidated; or (ii) proof of
which has been filed pursuant to Section 501(a) of the Bankruptcy Code on or before
the date designated by the Court as the last date for filing proofs of claim and with
respect to which no objection to the allowance thereof has been interposed prior to the
final date for filing such objections set forth in an order of the Court; or (iii) which,
after objection thereto, has been allowed, in whole or in part, by a Final Order; or (iv) a
Claim which has been granted pursuant to a Final Order.

1.04.    "Allowed Priority Claim" means all or that portion of an Allowed Claim entitled to
priority under Section 507(a)(3), (4), (6) (7) or (8) of the Bankruptcy Code.

1.05.    "Allowed Secured Claim" means all or that portion of any Allowed Claim that is
secured by a valid perfected lien on property of the Debtor to the extent of the value of
the interest of the holder of such Allowed Secured Claim or by the Court by a Final
Order pursuant to Section 506(a) of the Bankruptcy Code, together with such interest
(including, where applicable), interest accrued on or after January 5, 2016, fees, costs
and charges as may be allowed by such agreement or by the Court under Section
506(b) of the Bankruptcy Code.  Allowed Secured Claims shall, inter alia, include
Claims granted secured status pursuant to a specific order or orders of the Court.

1.06.    "Allowed Tax Claim" means all or that portion of an Allowed Claim entitled to
priority under Section 507(a)(7) or (8) of the Bankruptcy Code.  Except as may be

2

ordered by the Court in the case of an Allowed Tax Claim, any interest accrued after January 5, 2016, on Allowed Tax Claims shall not be part of any Allowed Tax Claim.

1.07.   "Allowed Unsecured Claim" means any Allowed Claim that is not an Allowed Administrative Claim, an Allowed Priority Claim or an Allowed Secured Claim. Interest accrued after January 5, 2016 shall not be part of any Allowed Unsecured Claim.

1.08.   "Bankruptcy Code" means Title 11 of the Bankruptcy Reform Act of 1978, (11 U.S.C. Sections 101, et. seq.) as amended by the Bankruptcy Amendments and Federal Judgeship Act of 1984 (P.L. No. 98-353) and Title 11, United States Code and the Bankruptcy Reform Act of 1994 and the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005.

1.09.   "Bankruptcy Rules" means the Federal Rules of Bankruptcy Procedure which govern procedure in cases under Title 11 of the United States Code, i.e., the Bankruptcy Code.

1.10.   "Business Day" means any day other than a Saturday, Sunday or legal holiday as such term is defined in Bankruptcy Rule 9006.

1.11.   "Chapter 11" means Chapter 11 of the Bankruptcy Code.

1.12.   "Chapter 11 Case" means In re: J.S. & F. Management, Inc., Case No. 16-22011-rdd, currently pending in the Court.

1.13.   "Claim" means a claim against the Debtor as defined in Section 101(5) of the Bankruptcy Code; to wit, the (a) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or (b) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or

3

not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

1.14.   "Claimant" means the holder of a Claim.

1.15.   "Class" means a class of holders of Allowed Claims described in Article II of the Plan.

1.15(a)   "Closing Date" means the day that the Debtor transfers the Deed to the Real Property to the purchaser.

1.16.   "Confirmation" means entry of an order by the Court approving the Plan in accordance with Chapter 11.

1.17.   "Confirmation Date" means the date upon which the Court enters an order confirming the Plan in accordance with Chapter 11.

1.18.   "Confirmation Order" means the order entered by the Court confirming the Plan in accordance with Chapter 11.

1.19.   "JFS" means J.S. & F. Management, Inc.

1.20.   "Court" means the United States Bankruptcy Court for the Southern District of New York, or such other court as may have jurisdiction over the Debtor's Chapter 11 case.

1.21.   "Debtor" means J.S. & F. Management, Inc. which voluntarily filed a voluntary petition under Chapter 11 of the Bankruptcy Code.

1.22.   "Disallowed Claim" means any Claim or portion thereof that has been disallowed by the Court by a Final Order.

1.23.   "Disclosure Statement" means the document and/or any amendments of or to such documents, which is filed by the Debtor with the Court in connection with this Plan, and which is approved by a Final Order pursuant to Section 1125 of the Bankruptcy Code as containing adequate information to enable Claimants and holders of Interests to make an informed decision in voting on the Plan.

4

1.24    "Disputed Claim" means (i) any Claim or portion of a Claim (other than an Allowed Claim) which is scheduled by the Debtor as disputed, contingent or unliquidated; or (ii) a Claim which has been filed pursuant to Section 501(a) of the Bankruptcy Code as unliquidated or contingent; or (iii) a Claim which has been filed pursuant to Section 501(a) of the Bankruptcy Code and as to which an objection to the allowance thereof has been interposed within the time limitation fixed by the Bankruptcy Code, by an order of the Court, or by this Plan, which objection has not been determined, in whole or in part, by a Final Order.

1.25.    "Effective Date" means the first (1st) Business Day after the Closing Date.

1.26.    "Entity" is defined at Section 101(15) of the Bankruptcy Code.

1.27.    "Final Order" means an order or judgment, as to which order or judgment (or any revision, modification or amendment thereof); (i) the time to appeal or seek review, rehearing, reargument or certiorari has expired and as to which no appeal or petition for review, rehearing, reargument or certiorari proceeding is pending; or (ii) an order or judgment from which an appeal has been taken, and such order or judgment has been affirmed on appeal and as to which the time for further appeal has expired or there is no further appeal.

1.28.    "First Anniversary Date" means the date which is one (1) year following the Effective Date, or the next Business Day.

1.29.    "*Interest*" means any equity security within the meaning of section 101(16) of the Bankruptcy Code or any other instrument evidencing an ownership interest in the Debtor, whether or not transferable, and any right to acquire any such equity security or instrument, including any option, warrant, or other right, contractual or otherwise, to acquire, sell, or subscribe for any such security or instrument.

1.30.    "Person" is defined at Section 101(41) of the Bankruptcy Code.

1.31.    "Plan" means this Plan of Reorganization, as modified or amended as and to the extent

permitted herein or by the Bankruptcy Code.

1.32.    "Professional Person" means those Persons as identified in Section 327(a) of the

Bankruptcy Code.

1.32(a)    "Property" means the premises known as 508 Van Cortlandt Park Avenue, Yonkers,

New York.

1.33.    "Record Date" means the close of business on the Confirmation Date.

1.34.    "Reorganized JFS" shall mean the Debtor which on and after the Confirmation Date

and shall include all of the assets of the Debtor.

1.34(a)    "Sale Contract" means the agreement between the Debtor and 508 Debt's Nominee

which provides for the Debtor's sale of the Property for $1,300.000.00.

## ARTICLE II
## CLASSIFICATION OF CLAIMS AND INTERESTS

Classes

2.01.1    Class 1 shall consist of:

The Allowed Secured Claim of 508 Van Courtland Debt, LLC ("508

Debt").

2.01.2    Class 2 shall consist of:

All Allowed Priority Claims, including the claims of governmental units.

2.01.3    Class 3 shall consist of:

All Allowed Unsecured Claims, including Claims arising from the

rejection of executory contracts and unexpired leases.

2.01.4    Class 4 shall consist of:

The holders of the Interests, John McCabe and Barbara McCabe, the 100% stockholders of JFS.

## ARTICLE III

### IDENTIFICATION OF CLASSES OF CLAIMANTS
### IMPAIRED OR UNIMPAIRED UNDER THE PLAN

3.01.    Allowed Administrative Claims are not impaired under the Plan except to the extent the holder thereof has consented to a different treatment.

3.02.    The Allowed Secured Claim of 508 Debt (Class 1) is impaired and is entitled to vote to accept or reject the Plan. The Allowed Priority Claims (Class 2) and the Allowed General Unsecured Claims (Class 3) are not impaired by the Plan and Allowed Interests (Class 4) are not impaired.

3.03.    In the event of a controversy as to whether any Claimant or Class of Claimants or Interests are impaired under the Plan, the Court shall, after notice and a hearing, determine such controversy.

3.04.    The Debtor shall provide all Claimants entitled to vote with a form of ballot approved by the Court to be used in casting a vote on the Plan. The ballot shall designate the Class in which the Debtor believes a particular Claim belongs.

## ARTICLE IV

### PROVISIONS FOR TREATMENT OF
### CLAIMS NOT IMPAIRED UNDER THE PLAN

4.01.    Allowed Administrative Claims.

Each unpaid Allowed Administrative Claim (other than any such Allowed Administrative Claim or portion thereof which, by its express terms, is not due or payable by the Effective Date) shall be paid in full by the Debtor on the Effective Date in cash or on such other terms as may be agreed upon by a Claimant of an Allowed

7

Administrative Claim and the Debtor.   All Allowed Administrative Claims that become due and payable after the Confirmation Date shall be paid by the Debtor or the Reorganized JSF when due.  On the Effective Date the State Court Receivership shall terminate

4.02.   Allowed Priority Claims (Class 2)

Class 2 consists of the Allowed Priority Claims which shall be satisfied in full on the Effective Date.

4.03.   Allowed General Unsecured Claims (Class 3)

Class 3 consists of the Allowed General Unsecured Claims which shall be satisfied in full on the Effective Date.

4.04.   Allowed Interests (Class 4)

Class 4 consists of the Interests of John McCabe and Barbara McCabe, the stockholders of JSF. The Interests will be cancelled on Confirmation.

ARTICLE V

PROVISIONS FOR TREATMENT
OF CLAIMS IMPAIRED UNDER THE PLAN

5.01.   Allowed Secured Claim of 508 Debt (Class 1)

Class 1 consists of the Allowed Secured Claim of 508 Debt, which will be satisfied by the transfer of the Property to 508 Debt's nominee, free and clear of all liens, claims and encumbrances, except subject only to 508 Debt's mortgage and judgment and the Purchaser shall pay outstanding real estate taxes due as of the date of the Confirmation Order. The sum of $675,000.00 shall be paid to the Debtor by 508 Debt at the closing, and the State Court Receiver shall turn over all funds in his possession, less fees and costs due and owing to the State Court Receiver, to the Debtor on the Effective Date. The closing shall be held within sixty (60) days that the Confirmation Order becomes a

8

final order and such order becomes final, but such closing may occur sooner at the discretion of 508 Debt. 508 Debt, on the Effective Date, shall release its claims against John McCabe and Barbara McCabe. The Sale of the Property to the designated nominee of 508 Debt shall have the protections of 11 U.S.C. 363(m) of the Bankruptcy Code. On the Effective Date, the State Court Receivership shall terminate and the Receiver will be discharged, with all fees and costs of the State Court Receiver being paid in full.

ARTICLE VI

ACCEPTANCE OR REJECTION OF PLAN; EFFECT OF
REJECTION BY ONE OR MORE CLASSES OF CLAIMS

6.01.   Each impaired Class of Claims shall be entitled to vote to accept or reject the Plan.

6.02.   A Class of Claims shall have accepted the Plan if the Plan is accepted by the holders of at least two-thirds in dollar amount and more than one-half in number of the Allowed Claims of such Class that have actually voted to accept or reject the Plan.

6.03.   In the event that any impaired Class of Claims with Claims against the Debtor's estate shall fail to accept the Plan in accordance with Section 1129(a) of the Bankruptcy Code, the Debtor will request that the Court confirm the Plan in accordance with Section 1129(b) of the Bankruptcy Code.

ARTICLE VII

PROVISIONS CONCERNING DISTRIBUTION

7.01.   Time of Distributions Under the Plan

Payments and distributions to be made by the Debtor on the Effective Date pursuant to the Plan shall be made on such date, except as otherwise provided for in the Plan, or as may be ordered by the Court.

9

7.02.   <u>Payment Dates</u>.

Whenever any payment or distribution to be made under the Plan shall be due on a day

other than a Business Day, such payment or distribution shall instead be made, without

interest, on the next Business Day.

7.03.   <u>Manner of Payments Under the Plan</u>.

Payments to be made by the Debtor pursuant to the Plan shall be made in cash, by

check drawn on a domestic bank or by wire transfer from a domestic bank.

7.04.   <u>Fractional Cents</u>.

Any other provision of the Plan to the contrary notwithstanding, no payments of

fractions of cents will be made.  Whenever any payment of a fraction of a cent would

otherwise be called for, the actual payment shall reflect a rounding of such fraction to

the nearest whole cent (up or down).

7.05.   <u>Unclaimed Cash</u>.

Except as otherwise provided herein, in the event any Entity fails to claim any cash

within six (6) months from the date such cash is distributed, such Entity shall forfeit all

rights thereto, and to any and all future payments, and thereafter the Claim for which

such cash was distributed shall be treated as a Disallowed Claim with such unclaimed

cash redistributed to those holders of Allowed Claims having previously received and

cashed a distribution.  In this regard, distributions to Claimants entitled thereto shall be

sent to their last known address set forth on a proof of claim filed with the Court or, if

no proof of claim is filed, on the schedules filed by the Debtor, or to such other address

as may be designated by a Claimant in accordance with Section 14.02 hereof.  In the

event a distribution is returned as undeliverable, or if a distribution shall not be cashed

for at least three (3) months, the Debtor shall make reasonable efforts to locate such Claimant.

7.06.    Disputed Payments or Distributions.

In the event of any dispute between and among Claimants (including the Entity or Entities asserting the right to receive the disputed payment or distribution) as to the right of any Entity to receive or retain any payment or distribution to be made to such Entity under the Plan, the Debtor or the [Reorganized Debtor], as the case may be, may, in lieu of making such payment or distribution to such Entity, make it instead into an interest bearing escrow account or to a disbursing agent, for payment or distribution as ordered by a court of competent jurisdiction or as the interested parties to such dispute may otherwise agree among themselves.

7.07.    Transfer of the Property

The Confirmation Order shall constitute an Order of the Bankruptcy Court authorizing the Debtor, without the need for any approval by the Court, to sell the Property with the consent of the first mortgagee.

7.08    Section 1146 Exemption

Pursuant to section 1146(a) of the Bankruptcy Code, under this Plan, the making, delivery or recording of any deed or other instrument of transfer under, in furtherance of or in connection with, this Plan, including any deeds, bills of sale, assignments or other instrument of transfer executed in connection with any transaction arising out of, contemplated by or in any way related to this Plan or the Sale shall not be subject to any transfer tax, document recording tax, mortgage recording tax, stamp tax or similar government assessment, and the appropriate state or local government official or agent shall forego the collection of any such tax or government assessment and accept for

11

filing and recording any of the foregoing instruments or other documents without the payment of any such tax or government assessment, including without limitation the New York City Real Property Transfer Tax and New York State Documentary Tax and mortgage recording tax.  All subsequent transfers or delivery of any instrument by the Debtor as applicable, in the Chapter 11 Case shall be deemed to be or have been done in furtherance of this Plan.

## ARTICLE VIII

## RELEASES AND TERMINATION

8.01.   Releases.

On the Effective Date, all Claims based upon guarantees of collection, payment or performance, indemnity bonds or obligations, performance bonds, contingent liabilities arising out of the assignment of leases or contract obligations, or other similar undertakings made or given by the Debtor prior to January 5, 2016, as to the obligations or performance by the Debtor shall be discharged, released and of no further force and effect.

8.02.   Certain Terminations.

On the Confirmation Date, all instruments evidencing indebtedness of the Debtor impaired by the Plan shall be deemed canceled, except as this Plan provides for the retention of liens.

8.03.   Rights if Plan Not Confirmed.

If Confirmation of the Plan does not occur, the Plan shall be deemed null and void, and in such event, nothing contained herein shall be deemed to constitute a waiver or release of any Claims by or against the Debtor or any other Entity or to prejudice in

any manner the rights of the Debtor or any Entity in any further proceedings involving the Debtor.

## ARTICLE IX

## REJECTION AND ASSUMPTION OF EXECUTORY CONTRACTS

9.01.    Any pre-petition executory contract or unexpired lease of the Debtor not expressly rejected by the Debtor, or which is not the subject of a pending application to reject on the Confirmation Date, shall be deemed rejected and of no further force and effect of any nature whatsoever.

9.02.    Any Entity whose Claim arises from rejection of an executory contract or unexpired lease shall, to the extent such Claim becomes an Allowed Claim, have the rights of a Class 3 Claimant with respect thereto.

9.03.    Any Entity who has a claim against the Debtor by virtue of the operation of Section 10.01 of this Article may file a proof of claim with the Clerk of the Court and serve a copy of same upon the Debtor and Debtor's counsel, in accordance with the notice provisions of Section 15.02 hereof, within thirty (30) days following service upon such Entity of notice of entry of the Confirmation Order or order authorizing such rejection, whichever is later. If such Claim shall not be filed within the specified time, it shall be forever barred from assertion against the Debtor or its assets and property.

9.04.    Any claim filed in accordance with the provisions of Section 10.03 hereof shall be treated as a Class 3 Claim.

## ARTICLE X

## MEANS FOR EXECUTION OF THE PLAN

10.01.    The Plan is to be implemented in a manner consistent with Section 1123 of the Bankruptcy Code.

13

10.02.    The monies needed to pay the holders of Allowed Claims shall be generated from the
Debtor's sale of its Property.

## ARTICLE XI

## RETENTION OF JURISDICTION

11.01.    Retention of Jurisdiction.

The Court shall retain jurisdiction of these proceedings following the Confirmation
Date for the following purposes:

11.01.1      to hear and determine any objections to the allowance of Claims;

11.01.2      to determine any and all applications for compensation for Professional
Persons and similar fees;

11.01.3      to determine any and all pending applications for the rejection or
assumption of executory contracts or for the rejection or assumption and assignment,
as the case may be, of executory contracts to which the Debtor is a party or with
respect to which it may be liable, and to hear and determine, and if need be, to
liquidate, any and all Claims arising therefrom;

11.01.4      to determine any and all applications, adversary proceedings, and
contested or litigated matters properly before the Court and pending on the
Confirmation Date;

11.01.5      to modify the Plan pursuant to Section 1127 of the Bankruptcy Code or to
remedy any defect or omission or reconcile any inconsistency in the Confirmation
Order to the extent authorized by the Bankruptcy Code;

11.01.6      to hear and determine all controversies, suits and disputes, if any, as may
arise in connection with the interpretation or enforcement or implementation of the
Plan;

11.01.7      to hear and determine all controversies, suits and disputes, if any, as may

arise with regard to orders of this Court in the Chapter 11 Case entered on or before the

Confirmation Date;

11.01.8      to adjudicate all controversies concerning the classification of any Claim

or Shareholder Interest;

11.01.9      to liquidate damages in connection with any disputed, contingent or

unliquidated Claims;

11.01.10      to adjudicate all Claims to a security or ownership interest in any property

of the Debtor or in any proceeds thereof;

11.01.11      to adjudicate all Claims or controversies arising out of any purchases,

sales or contracts made or undertaken by the Debtor during the pendency of the

Chapter 11 Case;

11.01.12      to recover all assets and properties of the Debtor wherever located,

including the prosecution and adjudication of all causes of action available to the

Debtor as of the Confirmation Date;

11.01.13      to determine all questions and disputes regarding recovery of and

entitlement to the Debtor's assets and determine all Claims and disputes between the

Debtor and any other Entity, whether or not subject to an action pending as of the

Confirmation Date;

11.01.14      to enter any order, including injunctions, necessary to enforce the title,

rights and powers of the Debtor and to impose such limitations, restrictions, terms and

conditions on such title, rights and powers as the Court may deem necessary or

appropriate;

11.01.15    to enter an order of consummation concluding and terminating the Chapter 11 Case; and

11.01.16    to make such orders as shall be necessary or appropriate to carry out the provisions of the Plan, including but not limited to orders interpreting, clarifying or enforcing the provisions thereof.

## ARTICLE XII

## EVENT OF DEFAULT

12.01    The occurrence of any of the following shall constitute a default by the Debtor under the Plan:

12.01.1    The failure of the Debtor to sell the Property and disburse the funds to the priority unsecured creditors and the general unsecured creditors.

12.01.2    The failure of the Debtor to comply with any of the covenants contained in the Plan, except for default in payment as provided in paragraph 12.01.1 of this Article, which failure shall remain uncured for a period of sixty (60) days after the Debtor has received written notice of such failure.

## ARTICLE XIII

## GENERAL PROVISIONS

13.01    Modification of the Plan

The Debtor reserves the right, in accordance with Section 1127 of the Bankruptcy Code, to amend or modify the Plan before or after the Confirmation Date.

13.02.    Notices

All notices, requests, elections or demands in connection with the Plan, including any change of address of any Claimant for the purposes of receiving distribution under the Plan and forfeiting same pursuant to Section 7.05 hereof, shall be in writing and shall

16

be deemed to have been given when received or, if mailed, five days after the date of

mailing provided such writing shall have been sent by registered or certified mail,

postage prepaid, return receipt requested, and (a) if sent to the Debtor, addressed to:

> J.S. & F. Management, Inc.
> 154-16 12th Road
> Beechhurst, New York 11357
> Attn: Barbara C. McCabe, Vice President

with copy to:

> Weinberg, Gross & Pergament LLP
> 400 Garden City Plaza, Suite 403
> Garden City, New York 11530
> Attn: Marc A. Pergament, Esq.

All notices and requests to Claimants of any Class shall be sent to them at their last

known address. The Debtor, and any Claimant of any Class, may designate in writing

any other address for purposes of this Section 13.02, which designation shall be

effective upon receipt.

13.03.    Headings.

The headings used in the Plan are inserted for convenience only and neither constitute

a portion of the Plan nor in any manner affect the provisions of the Plan.

13.04.    Severability.

Should any provision in the Plan be determined to be unenforceable, such

determination shall in no way limit or affect the enforceability and operative effect of

any and all other provisions of the Plan.

13.05.    Governing Law.

Except to the extent that the Bankruptcy Code is applicable, the rights and obligations

arising under the Plan shall be governed by, and construed and enforced in accordance

with, the internal laws of the State of New York.

13.06.   Successors and Assigns.

The rights and obligations of any Entity named or referred to in the Plan shall be binding upon and shall inure to the benefit of, the successors and assigns of such Entity.

13.07.   Reservation of Rights.

Nothing contained herein shall prohibit the Debtor from prosecuting or defending any of its rights as may exist on its own behalf.

13.08   Disbursing Agent.

The funds to be disbursed under the Plan shall be from a separate disbursement account to be maintained by the Debtor.

Dated:   Yonkers, New York
February 18, 2016

J.S. & F. Management, Inc.

By:   _Barbara C. McCabe_____
Barbara C. McCabe, Vice President

Dated:   Garden City, New York
February 18, 2016

Weinberg, Gross & Pergament LLP
Attorneys for Debtor

By:   _____
Marc A. Pergament
400 Garden City Plaza, Suite 403
Garden City, New York  11530
(516) 877-2424